UNITED STATES v. SMITH.

(District Court, M. D. Alabama, N. D. June 3, 1908.)

OFFICERS—SOLICITING POLITICAL CONTRIBUTION IN PUBLIC OFFICE—FEDERAL STATUTE.

The personal delivery to a postmaster in his office of a sealed letter containing a request for a contribution for a political campaign constitutes a criminal offense, under Act Jan. 16, 1883, c. 27, § 12, 22 Stat. 407 (U. S. Comp. St. 1901, p. 1223), which forbids any person to solicit in any room or building occupied in the discharge of official duties by any officer or employé of the United States, "in any manner whatever," any contribution for any political purpose whatever.

Defendant, Allie C. Smith, was indicted under Act Jan. 16, 1883, c. 27, § 12, 22 Stat. 407 (U. S. Comp. St. 1901, p. 1223), "to improve the civil service," for soliciting, in the post office at Clanton, Ala., a contribution of money for a political purpose from F. O. Dudley, the postmaster there. Being arraigned, the defendant made a statement of the facts, which the government admitted to be correct, and thereupon asked the advice of the court whether his conduct fell within the statute, offering to abide the opinion of the court as to the law upon the facts, and to plead guilty or not guilty accordingly.

Smith is an attorney at law. He held no office or employment under the United States, and was the chairman of the Republican campaign committee of Chilton county, and conducting a political campaign in that county. He wrote letters in his law office to a number of persons, including Postmaster Dudley, soliciting campaign contributions, and after putting them in envelopes, and sealing and properly addressing the letters, took them to the post office to get stamps and mail them. While in the post office, putting stamps upon the batch of letters, the postmaster came in the room and spoke to him. Smith thereupon handed Dudley the letter addressed to him, saying, "This will save a stamp." The letter thus delivered read as follows:

"Oct. 5, 1906.

"Postmaster, Clanton, Ala.—Dear Sir: Believing that now is a propitious time, we are undertaking to wage a fierce political campaign in our county, not only for the purpose of electing our entire ticket, but to build and establish a strong Republican party in our county that will be invincible hereafter. For these purposes we ask your liberal contribution to a campaign fund. Remit your contributions to the undersigned.          A. C. Smith,

"Chairman Republican Campaign Committee Chilton County."

The postmaster took the letter, and Smith, without advising him as to its contents, immediately left the post office, not having in any way solicited any contribution of him, save as the delivery of the letter, sealed in the envelope, addressed to the postmaster, amounted to such solicitation. The defendant was indicted December 19, 1907, without any preliminary examination.

E. J. Parsons, U. S. Dist. Atty.

A. C. Smith, pro se.

JONES, District Judge (after orally stating the facts as above). Section 12 of the statute (Act Jan. 16, 1883, c. 27, 22 Stat. 407 [U. S. Comp. St. 1901, p. 1223]) "to improve the civil service" forbids any one to solicit, "in any manner whatever," any contribution of money or any other thing of value for any political purpose whatever, in any room or building occupied in the discharge of official duty by certain officers or employés of the United States—among them, a postmaster. To constitute the offense the statute creates, it is not necessary that the solicitation be made verbally. The illegal solicitation may as well be made by a written request personally delivered in the forbidden place. An effort to get money in that way for a political purpose offends the letter and policy of the statute as clearly as the most persistent and earnest verbal solicitation. Excepting a written solicitation out of the statute requires us to ignore the policy and to run counter to the letter of the statute. It forbids the solicitation "in any manner whatever."

When the defendant, while in the post office, intentionally handed the postmaster a letter, knowing that it contained a request for a political contribution from the person to whom the letter was delivered, he undoubtedly violated the statute. The solicitation was then complete, in a place where it was unlawful to ask for a political contribution. It is entirely immaterial that the letter was not then opened, or that the postmaser was not then advised of its contents, or, for that matter, that the request in the letter was never afterwards acted upon or discussed between the parties. The guilty intent to violate the law flows from the knowing and intentional doing of the acts which the statute forbids. Ignorance of the statute, or of the extent of its provisions, is no excuse. Upon the admitted facts, the court would be bound to charge the jury that the defendant is guilty.

The law, taking into consideration that there may be a much higher degree of criminality in some instances than in others, gives the court most extended discretion as to the measure of punishment. When the letter was written and carried to the post office, there was no thought of delivering the letter personally to the postmaster. Unquestionably the letter would not have been delivered in person, but mailed, as originally intended, if it had not been for the chance meeting of

Smith with the postmaster in the post office, while the other letters were being stamped. Personal delivery to him in the post office was an afterthought, and in a sense accidental. This is not the case of an officer preferring a solicitation for a political contribution from some other officer or employé who is under his authority, or in any other way dependent upon him. The solicitation, under the circumstances, cannot be said to amount to an indirect coercion, as might have been the case if the contribution had been solicited of Dudley by some superior officer, or by one who had supervision over him in any way. The act of the defendant was not malum in se in any view of it, and was, at most, an unpremeditated and inadvertent violation of the statute. The violation of the statute is a technical, rather than a substantial, offense. Under the circumstances, respect for the civil service law will not be enhanced by punishing the defendant as though there had been a serious infraction of its policy. The prosecution of the defendant has called attention to the statute and the purpose of the government to enforce it. The defendant has been put to some expense, and undergone the mortification of being arraigned in court upon a criminal charge. Anything more than a nominal fine, under the circumstances, would savor of harshness. The precedent of a nominal fine, under the circumstances of this case, will not encourage violations of the law in the future. The defendant is a man of high character, and there is no need of any punishment to reform him in any way, or prevent his indulging in the evil practice in the future. The example has been sufficient.

The defendant, in deference to the opinion of the court, having pleaded guilty, is sentenced to pay a fine of $1.

NOTE BY THE COURT.—A few weeks before the instant case was decided, the Supreme Court in U. S. v. Thayer, 209 U. S. 39, 28 Sup. Ct. 426, 52 L. Ed. 673, reversing U. S. v. Thayer (D. C.) 154 Fed. 508, had decided the question involved, though neither court nor counsel were then aware of the decision. The holding, arguendo, in that part of the opinion discussing the question of punishment, that Smith's conduct would not have fallen within the condemnation of the statute, if he had merely deposited the letter in the mail, without personal delivery, is not in harmony with the construction placed upon the statute by the Supreme Court, and is therefore unsound.